MATTHEW J. KEARNEY, Respondent, *v.* JOHN H. KEARNEY et al., Defendants, and JOHN C. COSGROVE, Appellant.

*Kearney* v. *Kearney*, 170 App. Div. 636, affirmed.
(Argued February 25, 1916; decided March 14, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 3, 1915, which affirmed an interlocutory judgment in an action for partition of real estate belonging to the estate of Patrick H. Kearney, deceased. By paragraph 5 of his will the testator, after giving his sons, Matthew and John, and his daughter, Margaret, each a one-fourth part of his residuary estate, provided as to the remaining one-fourth part thereof as follows: "And the remaining one-fourth part thereof, if my said son William J. Kearney has entirely given up the habit of using intoxicating liquors, I give, devise and bequeath the said one-fourth part to my said son William J. Kearney, but in the event that my said son William J. Kearney has not given up the habit of using intoxicating liquors, then and in that case, I give, devise and bequeath the said remaining one-fourth part thereof to my executors, hereinafter named, to have and to hold in trust,

nevertheless, to apply the net income arising therefrom to and for the benefit of my son William J. Kearney during the term of his life, and upon his death, leaving lawful issue him surviving, then to pay over the principal of said trust fund and accumulations thereon, if any, to such issue, share and share alike, but in the event of the death of my said son William J. Kearney without leaving lawful issue him surviving, then to pay over the principal of said trust fund and accumulations thereon, if any, to his surviving brothers and sister, share and share alike, *per stirpes* and not *per capita*." William J. Kearney, the testator's son named in the provision just quoted, died without issue prior to the testator. The defendant Cosgrove, a son of the testator's daughter Jennie, who had died prior to the making of the will, claims that by the death of William the testator died intestate as to the one-fourth of his residuary estate disposed of by the provision above quoted, and that Cosgrove is entitled, as one of the four heirs at law of the testator, to a one-fourth of said one-fourth part, or to a one-sixteenth of the testator's residuary estate. The plaintiff contends, and the judgment appealed from decides, that the said one-fourth share is specifically disposed of by the final clause of the provision above quoted and is devised to the testator's children, Matthew, John and Margaret, "the surviving brothers and sister" of William, so that the grandson Cosgrove has no interest therein.

*Myles A. Walsh* for appellant.

*Richard Kelly* for respondent.

Order affirmed, with costs, including costs of the guardian *ad litem* of the infant appellant payable out of the estate; no opinion.

Concur: WILLARD BARTLETT, Ch. J., CHASE, COLLIN, CUDDEBACK, CARDOZO, SEABURY and POUND, JJ.